IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JEROD HOBBS, RONALD LEE, JORDON ARROYO AND ARLEN JONES, individually and on behalf of others similarly situated, § § § § § | |
| Plaintiffs, § § | |
| v. § § | CIVIL ACTION NO. 4:16-cv-00770 |
| EVO INCORPORATED, JONATHAN JAMES RENTON THURSBY, MAURICE MCBRIDE, SAM COPEMAN AND FRANCIS NEILL § § § § § | |

**PLAINTIFFS' MOTION FOR LEAVE TO FILE AN AMENDED DECLARATION AND SUPPLEMENTAL RESPONSE**

TO THE HONORABLE COURT:

COME NOW Plaintiffs Jerod Hobbs, Ronald Lee, Jordan Arroyo, and Arlen Jones, individually and on behalf of others similarly situated, and file this Motion for Leave to File an Amended Declaration ("amended declaration") and a Supplemental Response to Defendant's Motion to Dismiss ("Supplemental Response"). Defendant is Maurice McBride ("McBride").

**NATURE AND STAGE OF PROCEEDINGS**

1. On March 24, 2016, Plaintiffs filed a complaint against all Defendants, alleging that Defendants violated the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq* ("FLSA"). Plaintiffs' Original Collective and Class Action Complaint (herein after the "Complaint"), Dkt. No. 1. Plaintiffs have asserted a Fair Labor Standards Act ("FLSA") claim against six Defendants: (1) EVO Incorporated; (2) Dunedin Enterprise Investment Trust PLC;1 (3) Jonathan James Renton Thursby; (4) Maurice McBride; (5) Sam Copeman; and (6) Francis Neill. On August 24, 2016

Court signed an Order dismissing Dunedin Enterprise Investment Trust PLC, pursuant to Plaintiffs' Request. *See* Notice of Dismissal for Dunedin Enterprise Investment Trust PLC, Dkt. Entry No. 21.

2. Plaintiffs claim that Defendant improperly classified them as exempt employees under the FLSA and that they are entitled to overtime compensation. *See* Dkt. Entry No. 1. Pls.' Compl. at ¶ 39-40. Before filing his Answer, Defendant McBride filed a Motion to Dismiss ("Motion to Dismiss") on August 18, 2016. *See* Motion to Dismiss, Dkt. Entry No. 22. Plaintiffs filed their Original Response on September 8, 2016, attaching a declaration by Troy Sutherlin as an exhibit, in order to establish jurisdictional facts surrounding McBride's contacts with Houston, Harris County, Texas ("Original Response"). Plaintiffs' Original Response, Dkt. Entry No. 25. Defendant then filed a Reply to Plaintiffs' Response on September 20, 2016 ("Defendant's Reply"). Defendant's Reply, Dkt. Entry No. 28.

## SUMMARY OF ARGUMENT

3. Plaintiffs respectfully request that this Court grant them leave to file an amended declaration from Troy Sutherlin and a Supplemental Response to Defendant's Reply. This Court should grant Plaintiffs leave to file an amended declaration because the present Declaration was mistakenly filed without the words "under penalty of perjury," though the Declarant, Troy Sutherlin, made the declaration noting that his statements were true and correct, were within his personal knowledge and that he would testify competently to these facts, if called as a witness. Additionally, this Court should grant Plaintiffs leave to file an amended declaration, as the amended declaration would provide this Court jurisdictional facts surrounding Maurice McBride's managerial positions and activities in Houston, Harris County, Texas as interim CEO of EVO Incorporated. These facts would allow the Court to evaluate the case at bar fully with respect to

jurisdiction. Such an allowance by the Court would not unfairly prejudice Defendant, as this Court has not yet ruled upon Defendant's 12(b)(2) Motion to Dismiss. Further, Plaintiffs respectfully request that this Court grant them leave to file a Supplemental Response to Defendant's Reply, as Defendant has misconstrued law utilized as support for exercising jurisdiction over McBride and because a failure to act under the terms of the FLSA in a forum state is sufficient to bring Defendant under the Court's jurisdiction.

**I.    Standard of Review for Granting Leave to Amend and File Supplemental Responses**

4.    Local rules frequently require advance permission from the court before a sur-reply or amendment may be filed. If the local rules are silent on the topic, the cautious practitioner should still seek court permission before attempting to file an amendment and/or "sur-reply" to the reply. *See* 11-56 Moore's Federal Practice - Civil § 56.84 (2015). "To the extent supplemental responses and amendments are allowed, the deadline for filing them is likely to be set in the court order authorizing their filing, rather than in any general local rule. Although a party is not entitled to file a supplemental response or amendment under the Federal Rules of Civil Procedure, courts have discretion to permit a sur-reply when reasonable." *See Mirando v. United States Dep't of Treasury,* 766 F.3d 540, 549 (6th Cir. 2014) (trial court has discretion to permit sur-reply). Plaintiffs have reviewed the Local Rules of this Court, as well as the specific judicial procedural rules governing this proceeding, and now come before this Court requesting leave to file an amended declaration and a Supplemental Response.

**II.    This Court Should Grant Plaintiffs Leave to File an Amended Declaration of Troy Sutherlin to Their Response to Defendant's 12(b)(2) Motion to Dismiss Because Such a Declaration Would Provide Relevant Jurisdictional Facts to This Court and Would Not Unfairly Prejudice Defendant.**

5.    Plaintiffs filed a Response to Defendant's 12(b)(2) Motion to Dismiss on September 8, 2016 and attached a declaration thereto as "Exhibit A." Defendant alleges in his Reply to

Plaintiffs' Response that this declaration is fatally defective because it did not contain the language "under penalty of perjury," pursuant to 28 U.S.C. § 1746. Defendant's Reply, Dkt. Entry No. 28, ¶ 7. Defendant relies on the cases *Vallado v. Segovia*, No. C-11-277, 2012 U.S. Dist. LEXIS 68101 (S.D. Tex. 2012) and *Nissho-Iwai American Corp. v. Kline,* 845 F.2d 1300, to show that Troy Sutherlin's original declaration is fatally defective with respect to determining personal jurisdiction over Defendant McBride. *Id.* In both cases relied upon by Defendant, the procedural matter at issue was a summary judgment motion. Summary judgment is appropriate when there is no disputed issue of material fact, and one party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Courts must consider the record as a whole, including all pleadings, depositions, affidavits, interrogatories and admissions on file, in the light most favorable to the non-movant. *Caboni v. Gen. Motors Corp.,* 278 F.3d 448, 451 (5th Cir. 2002).

6.     The present case before this Court has not yet progressed to the summary judgment phase of litigation. Troy Sutherlin's declaration is the only other declaration on file that establishes facts regarding McBride's contacts with Houston, Harris County, Texas, aside from McBride's own self-serving declaration. Discovery has not yet begun with respect to McBride's actions and omissions that were in violation of the FLSA because personal jurisdiction over McBride has not yet been determined. As opposed to summary judgment, the standard of review in a personal jurisdiction matter is much less stringent and in-depth. Generally, the plaintiff bears the burden of establishing the Court's jurisdiction over a nonresident defendant. *See Wilson*, 20 F.3d at 648. However, it is sufficient for the plaintiff to make a *prima facie* showing of jurisdiction, and any conflicts between affidavits are resolved in favor of the plaintiff. *See Asarco, Inc. v. Glenara, Ltd*., 912 F.2d 784, 785 (5th Cir.1990); G*uyton v. Pronav Ship Mgmt., Inc.,* 139 F.Supp.2d 815, 818 (S.D. Tex.2001).

Plaintiffs' Motion for Leave to File an Amended Declaration
and Supplemental Response

4

7.	Defendant McBride claims that he has no ties or connections to Houston, Harris County, Texas and, because of this, that this Court cannot exercise personal jurisdiction over him. In attempt to rebut Defendant's false assertions that Defendant was not involved with any managerial aspect of EVO Incorporated in Houston, Harris County, Texas, Plaintiffs filed the Declaration of EVO Incorporated's North American Land Manager, Troy Sutherlin, with their Original Response to Defendant's Motion to Dismiss. *See* Original Response, Dkt. No. 25, Ex. A. This Declaration stated that the facts in Mr. Sutherlin's statement were "true and correct" and were within his personal knowledge. *Id* at ¶ 1. Additionally, Mr. Sutherlin declared that he would testify competently to these facts, if called as a witness. *Id.*

8.	Based on information provided by Troy Sutherlin, Plaintiffs' counsel prepared a declaration for Mr. Sutherlin's review and signature. This declaration was forwarded to Mr. Sutherlin. After this declaration was sent, it was noted that it did not include the statement "under the penalty of perjury." An amended declaration containing this language was e-emailed to Mr. Sutherlin at 2:33 P.M. on September 8, 2016. A copy of the e-mail and the attachment is attached hereto as "Exhibit B." When Plaintiffs' counsel received the signed declaration from Mr. Sutherlin, it was filed with the assumption that it included the additional language "under penalty of perjury." This signed declaration was filed as Exhibit A with Plaintiffs' Original Response to Defendant's Motion to Dismiss. Original Response, Dkt. No. 25. After receiving Defendant's Reply, Plaintiffs' counsel communicated with Troy Sutherlin on September 22, 2016 and again provided the declaration which included the language "under penalty of perjury." The substance of the declaration was unchanged between the declaration filed on September 8, 2016 and the declaration signed by Mr. Sutherlin on September 22, 2016, with the exception of the additional language, "under penalty of perjury." A copy of the declaration signed on September 22, 2016 is attached

hereto as "Exhibit A." A declaration from Plaintiffs' counsel averring to the facts in Paragraph 8 is attached hereto as "Exhibit C."

9. An amended declaration is necessary to reflect the correct and final Declaration of Troy Sutherlin, which includes the language, "under penalty of perjury," required by 28 U.S.C § 1746 so that jurisdictional facts establishing the managerial position, acts and omissions of Defendant Maurice McBride in Houston, Harris County, Texas may be evaluated by this Court. Such an amendment will not unfairly prejudice Defendant, as the Motion has yet to be decided on by this Court, and because the amended declaration will not furnish new information beyond the language that it was made "under penalty of perjury."

### III. This Court Should Grant Plaintiffs' Leave to File a Supplemental Response to Defendant's Reply Because Defendant Misconstrued the Law Surrounding Jurisdiction in Its Reply.

10. Defendant further alleges in his Reply that Defendant's omission of action while serving as interim CEO of EVO Incorporated is insufficient to bring McBride under this Court's jurisdiction. Defendant's Reply, Dkt. Entry No. 28, ¶ s 4-5. Plaintiffs cited *Clemens v. McNamee* in their Original Response as authority which states that Court may only exercise control over a Defendant if sufficient contact is established. Plaintiffs' Original Response, Dkt. Entry No. 25, ¶ 19. However, Defendant seeks to use the case *Clemens v. McNamee* as authority supporting the contention that Defendant McBride should not be brought under this Court's jurisdiction because the case itself did not result in personal jurisdiction over the defendant. On the contrary, *Clemens* was merely cited as authority for the legal doctrine that a sufficient nexus must be established to bring a Defendant under the Court's jurisdiction and nothing more. *Clemens v. McNamee*, 615 F.3d 374, 378-379 (5th Cir. 2010)

11. Additionally, Defendant attempts to argue in his Reply that an omission or failure to act in

compliance with FLSA is not sufficient to establish personal jurisdiction. Defendant's Reply, Dkt. Entry No. 28, ¶ 4. However, this is clearly incorrect, as courts have long held that omissions, and specifically in this case, a failure to act in compliance with federal law in a state, are sufficient to bring a defendant under a court's jurisdiction. Defendant cannot evade jurisdiction simply by asserting that "he did nothing." A failure to act in compliance with law, as is the case here, is certainly actionable and is an omission for purposes of jurisdiction within the forum state of Texas.

12. Defendant served as interim CEO for EVO Incorporated in Houston, Harris County, Texas and failed to comply with the FLSA in paying employees in the forum state. McBride's failure to act and purposeful omission of a statutory duty to pay employees overtime compensation was directed to the forum state of Texas and to the employees of EVO Incorporated in Houston, Harris County, Texas. The present litigation arises out of Defendants decisions to not comply with the FLSA, including Defendant McBride's decisions during his time as interim during his time as interim CEO of EVO Incorporated. Such choices by an interim CEO are sufficient to establish personal jurisdiction over McBride. *See Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 472 (1985) (specific jurisdiction exists when "the defendant has 'purposefully directed' his activities at residents of the forum … and the litigation results from alleged injuries that 'arise out of or relate to' those activities," quoting *Keeton v. Hustler Magazine, Inc.,* 465 U.S. 770, 774 (1984) and *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414 (1984)). McBride's decisions regarding FLSA compliance while in Houston, Harris County, Texas are sufficient contacts for jurisdictional purposes. It appears to be a purposeful choice to fail to pay statutory overtime compensation, thereby subjecting McBride to the jurisdiction of this Court. Therefore, Plaintiffs request leave to file a Supplemental Response addressing Defendant's Reply so that they may address Defendant's erroneously based arguments regarding this jurisdictional

issue as to Defendant McBride.

13. The filing of an amended declaration and Supplemental Response will aid the Court in evaluating the jurisdictional question and allow Plaintiffs to respond to issues subsequently raised by Defendant. The Court has not yet ruled on the original Motion, this request is not sought for any improper purpose and the filing of the amended declaration and Supplemental Response does not unfairly prejudice Defendant. Rather, denial of this Motion to file an amended declaration and Supplemental Response would deny Plaintiffs of the right to fully litigate this issue against Defendant Maurice McBride and would limit the Court's access to verified facts surrounding McBride's actual presence in Houston, Harris County, Texas.

## CONCLUSION

14. For the foregoing reasons, Plaintiffs Jerod Hobbs, Ronald Lee, Jordan Arroyo, and Arlen Jones, individually and on behalf of others similarly situated, respectfully request that the Court grant this Motion for Leave to File an Amended Declaration and Supplemental Response to Defendant's Motion to Dismiss so that the Response and an amended declaration, attached to this Motion as "Exhibit A", may be evaluated by this Court.

                                               Respectfully Submitted,

                                               */s/ John David Hart*
                                               JOHN DAVID HART
                                               State Bar No. 09147700
                                               Southern District #9018
                                               THE LAW OFFICES OF JOHN DAVID HART
                                               201 Main Street
                                               Suite 1720, Wells Fargo Tower
                                               Fort Worth, Texas 76102
                                               (817) 870-2102 – telephone
                                               (817) 332-5858 – facsimile
                                               johnhart@hartlaw.com
                                               ATTORNEY-IN-CHARGE
                                               **ATTORNEY FOR PLAINTIFF**

## **CERTIFICATE OF SERVICE**

       This is to certify that on this the 22nd day of September, 2016, a true and correct of the above and foregoing documents were served electronically through the Court's ECF System to all parties of record.

       */s/John David Hart*
       JOHN DAVID HART

## **CERTIFICATE OF CONFERENCE**

       This is to certify that on September 22, 2016, I sent an e-mail to counsel for Defendants asking if they would agree to this Motion or if they were opposed. Attorney for Defendants Michael Woodson advised by e-mail reply that Defendants were opposed to this Motion.

       *s/John David Hart*
       JOHN DAVID HART