Case 4:16-cv-00770   Document 46   Filed in TXSD on 02/09/17   Page 1 of 2

United States District Court
Southern District of Texas
**ENTERED**
February 13, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JEROD HOBBS, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 4:16-CV-00770 |
| | § | |
| EVO INCORPORATED, *et al*, | § | |
| | § | |
| Defendants. | § | |

## OPINION AND ORDER

Pending before the Court in the above-referenced matter is Defendant Maurice McBride's ("McBride") Motion to Dismiss for Lack of Personal Jurisdiction, Doc. 22, and Defendant Sam Copeman's ("Copeman") Motion to Dismiss for Insufficient Service of Process[1] and for Lack of Personal Jurisdiction, Doc. 27.

McBride attaches his Declaration in support of his Motion. Doc. 22-1. Plaintiffs' attach the Declaration of Troy Sutherlin with their Response in Opposition of McBride's Motion ("Sutherlin Declaration").[2] Doc. 25-1. Having reviewed these declarations, the Court notes that

---

[1] Copeman admits that after he filed his Motion, he was properly served. Doc. 34 at 2 n.1. Therefore, he concedes that his insufficient service of process argument is now moot. *Id.*

[2] In his Reply in Support of His Motion to Dismiss, Doc. 28, McBride requests that the Court strike the Sutherlin Declaration because it does not comply with 28 U.S.C. § 1746, which requires the declarant to state "under penalty of perjury that the foregoing is true and correct." Plaintiffs responded by filing their Motion for Leave to File an Amended Declaration and Supplemental Response, asking this Court to allow them to file an amended Sutherlin Declaration ("Amended Declaration") that included the required statement. Doc. 29. Along with that Motion, Plaintiffs submitted a copy of their Amended Declaration, Doc. 29-1, which did comply with § 1746. Nevertheless, when Plaintiffs filed another copy of the Amended Declaration with its own docket number, they again filed a copy that did not comply with § 1746. *See* Doc. 42. This copy contains the required language of § 1746 but lacks a signature and date. *See id.* Despite Plaintiffs' sloppy filing, this Court concludes that the Amended Declaration filed with their Motion for Leave to File an Amended Declaration and Supplemental Response is the controlling document and declines to strike the Sutherlin Declaration.

they are contradictory. *Compare* Doc. 22-1 at ¶ 9, *with* Doc. 25-1 at ¶ 5. Further, although Copeman admits that he was a director, corporate secretary, and interim President for Defendant EVO, Inc. ("EVO"), Doc. 27-1 at ¶¶ 7–8, Copeman and Plaintiffs dispute the extent of his involvement in the actions giving rise to this dispute. *Compare* Doc. 27-1, *with* Doc. 32-2. Because the declarations submitted to this Court are contradictory, they raise issues of credibility that preclude a ruling at this time. Accordingly, the Court concludes that the parties should be granted an opportunity to conduct limited discovery on the issue of personal jurisdiction only. The Court will then conduct an evidentiary hearing on the issue of personal jurisdiction before ruling on the pending motions. *See Taylor v. Ishida Co., Ltd.*, CIV.A.3:02-CV-0402-D, 2002 WL 1268028, at *4 (N.D. Tex. May 31, 2002) ("In instances where the written submissions raise issues of credibility or disputed issues of fact which require resolution, the district court may conduct an evidentiary hearing.") Accordingly, the Court hereby

**ORDERS** that this matter is referred to the Honorable Frances Stacy for setting a schedule on the limited discovery ordered herein and a date for a hearing before Judge Harmon.

SIGNED at Houston, Texas, this 9th day of February, 2017.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE