United States District Court
Southern District of Texas
**ENTERED**
February 19, 2019
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JEROD HOBBS, RONALD LEE, JORDAN ARROYO and ARLEN JONES, Individually and behalf of others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> EVO INCORPORATED, JONATHAN JAMES RENTON THURSBY, MAURICE McBRIDE, SAM COPEMAN, and FRANCIS NEILL, <br><br> Defendants. | § § § § § § § § § § § § § § § § | CIVIL ACTION NO. H-16-770 |

## MEMORANDUM AND RECOMMENDATION

Before the Magistrate Judge, upon referral from the District Judge, is Defendant Jonathan Thursby's Motion for Summary Judgment and Request for Sanctions (Document No. 71). Having considered the Motion, Plaintiffs' Response (Document No.78), Defendant's Reply (Document No. 81), and the applicable law, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that Defendant's Motion for Summary Judgment be GRANTED.

I. Background

Plaintiffs Jerod Hobbs ("Hobbs"), Ronald Lee ("Lee"), Jordan Arroyo ("Arroyo"), and Arlen Jones ("Jones"), individually and on behalf of all others similarly situated Field Engineers, filed the instant collective action,[1] against defendant EVO Incorporated ("EVO"), Jonathan James Renton Thursby ("Thursby"), Maurice McBride ("McBride"), Sam Copeman ("Copeman") and Francis

---

[1] The Court certified the instant action as a collective action under 29 U.S.C. § 216(b). (Document No. 59). To date, no other plaintiffs have joined the instant action.

Neill ("Neill"), collectively referred to as ("Defendants"). Plaintiffs allege they were misclassified as exempt employees and were not paid overtime wages for the time they worked more than forty hours per week, in violation of the Fair Labor Standards Act, ("FLSA"), 29 U.S.C. § 201, *et. seq.* First Amended Original Complaint (Document No. 48, p. 1-15). Plaintiffs further allege that Defendants acted willfully in failing to pay overtime wages in violation of the FLSA. (Document No. 48, p. 15-16). Defendants, in their Answers, generally deny that they violated any provision of the FLSA and further deny that they acted willfully in failing to pay Plaintiffs in accordance with the FLSA. (Document Nos. 50 and 55).

EVO provides diagnostic information to its customers through observation of wellbores, pipelines, and other oil and gas exploration and production facilities, primarily through the use of video cameras. Plaintiffs are current or former employees of EVO, working as Field Engineers. Plaintiffs allege that Thursby "is an owner and director of EVO Incorporated. This defendant acted directly and/or indirectly in the interests of EVO Incorporated in relation to Plaintiffs' employment with EVO Incorporated. This defendant has and had continuous and ongoing involvement in managerial responsibilities and operational control of EVO Incorporated, including decisions regarding rate and method of compensation." First Amended Complaint (Document No. 48, ¶ 40). Plaintiffs allege that they had an employer-employee relationship with Thursby within the meaning of the FLSA, and that he is jointly and severally liable to Plaintiffs under the FLSA for unpaid overtime compensation. Thursby has moved for summary judgment arguing that Plaintiffs have failed to offer any evidence to support their claim that he qualifies as an "employer" under the FLSA, and therefore, that he is not jointly and severally liable to Plaintiffs under the FLSA for unpaid overtime compensation.

II. Applicable law

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). The substantive law governing the claim at issue determines which facts are material. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute over a material fact is genuine if the evidence presents an issue "that properly can be resolved only by a finder of fact because [it] may reasonably be resolved in favor of either party." *Id.* at 250. "Unsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." *Brown v. City of Houston*, 337 F.3d 539, 541 (5th Cir. 2003). The moving party bears the burden of identifying evidence that no genuine issue of material fact exists. *Celotex Corp v. Catrett*, 477 U.S. 317, 323 (1986), and the court must view the evidence and all reasonable inferences in the light most favorable to the nonmoving party. *See Matsushita Elec. Indus.Co. v. Zenith Radio Corp.* 475 U.S. 574, 587 (1986). Where the nonmovant bears the burden of proof at trial, the movant need only point to the absence of evidence supporting an essential element of the nonmovant's case; the movant does not have to support its motion with evidence negating the case. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). If the movant succeeds, the nonmovant can defeat the motion for summary judgment only by identifying specific evidence of a genuine issue of material fact, *see Anderson*, 477 U.S. at 248-49, but that evidence need not be in a form that would be admissible at trial. *See Celotex*, 477 U.S. at 324. In ruling on summary judgment, a court may not resolve credibility issues or weigh evidence. *See Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008).

The FLSA requires employers to pay time and a half for each hour that an employee works in excess of 40 hours, 29 U.S.C. § 207(a), and creates a cause of action for employees against employers that violate these requirements. 29 U.S.C. § 216(b). The FLSA defines "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). Where both a corporation and a corporate officer satisfy the definition of "employer" under the FLSA, the officer and the corporation are jointly and severally liable for unpaid overtime wages. *See Martin v. Spring Break '83 Prods., LLC*, 688 F.3d 247, 251 (5th Cir. 2012)("The dominant theme in the case law is that those who have operating control over employees within companies may be individually liable for FLSA violations committed by the companies.").

To determine whether a there is an employer/employee relationship, the Court applies the "economic realities" test described by the Fifth Circuit in *Gray v. Powers*, 673 F.3d 352, 354 (5th Cir. 2012). *Gray* instructs that, to determine whether the alleged employer had operational control over the employees, the Court considers whether the evidence shows that the alleged employer: "(1) possessed the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Id.* at 355 (quoting *Williams*, 595 F.3d at 620). No single factor is dispositive, and "a party need not establish each element in every case." *Orozco v. Plackis*, 757 F.3d 445, 448 (5th Cir. 2014). While each factor need not be present to establish an individual's employer status under the FLSA, the Fifth Circuit in *Gray* observed that "individuals ordinarily are shielded from personal liability when they do business in a corporate form, and, it should not lightly be inferred that Congress intended to disregard this shield in the context of the FLSA." *Gray*, 678

4

F.3d at 356-57 (quoting *Baystate Alt. Staffing, Inc. v. Herman*, 168 F.3d 668, 677 (1st Cir. 1998). Simply put: the Fifth Circuit has "decline[d] to adopt a rule that would potentially impose individual liability on all shareholders, members, and officers of entities that are employers under the FLSA based on their position rather than the economic reality of their involvement in the company." *Id.*[2]

III. Discussion

Thursby argues that summary judgment should be granted because no evidence supports a reasonable conclusion that he qualifies as an employer under the FLSA when applying the economic-reality test.

The first factor the Court considers is whether Thursby possessed the power to hire and fire. The undisputed evidence shows that Thursby is employed as Chief Technology Officer of EV Holdings Ltd. (Document No. 71-1, p. 4). Thursby testified that his responsibilities as chief technology officer include designing the company's technology. (Document No. 71-1, p. 5). Thursby is also a director of EVO and EV Holdings Ltd. and is on the Board. (Document No. 71-1, p. 6). But Thursby testified that he had no day-to-day responsibilities with EVO other than being responsible for the cameras and software used by EVO. He testified that he traveled from the United Kingdom to the United States to get feedback from EVO managers concerning the technology, to meet customers. and for Top Gear filming. (Document No. 71-1, p. 7-10). Thursby testified that he

---

[2] All the evidence for and against Thursby's status as an "employer" is contained in the Deposition of Thursby (Document No. 71-1), Deposition of Arroyo (Document No. 71-2), the Deposition of Jones (Document No. 71-3), Deposition of Lee (Document No. 71-4), Deposition of Hobbs (Document No. 71-5), Deposition of Troy Kenneth Sutherlin (Document No. 71-6), Offer letter to Lee (Document No. 71), Arroyo Release Agreement (Document No. 78-1), Deposition of Neill (Document No. 78-2); Declaration of Aimee Mouton (Document No. 78-3); Deposition of Troy Kenneth Sutherlin (Document No. 78-4); Deposition of Thorsby (Document No. 78-5), Declaration of Troy Sutherlin (Document No. 78-6)..

had no authority to hire people for EVO. (Document No. 71-1, p. 11). Plaintiffs Arroyo, Jones, and Hobbs testified that they were hired as field engineers by Troy Sutherlin, and that they had no interactions with Thursby. (Document No. 71-2, p. 5, 9); (Document No. 71-2, pp. 10-12, 18); (Document No. 71-3, pp. 3-4, 9-10); (Document No. 71-4, pp. 12-13). Plaintiff Lee testified that he knew Thursby because Thursby visited the shop twice, once for a technical-related issue and another to fire a repair technician. (Document No. 71-4, p. 3-4). Plaintiff Lee testified that he was not hired by Thursby and he had not seen him hire any field engineer. (Document No. 71-4, p. 4). Troy Sutherlin testified that he hired Plaintiffs Hobbs, Jones, and Arroyo. (Document No. 71-7, p. 4, 5). He interviewed and extended the offer letter of employment to Plaintiff Lee. (Document No. 71-6, p. 11-13, Document No. 71-7, p. 2).

It is undisputed that Troy Sutherlin decided to terminate Plaintiff Arroyo for performance issues. (Document No. 71-6, p. 8-11, Document No. 71-8, p. 2). But as evidence of Thursby's authority to hire and fire, Plaintiffs point to Plaintiff Arroyo's dismissal letter, which Thursby signed after Sutherlin had also been terminated. At his deposition, Thursby testified about the surrounding circumstances. He states that he was aware that Arroyo "worked for Incorporated." Thursby had been given the termination letter to sign because he was in the United States at the time, but he had never met Arroyo, nor had he made the decision to terminate Arroyo. (Document No. 71-3, p. 14-16). Plaintiffs also point to the testimony of Defendant Neill that "in theory" Thursby had authority to fire field engineers because of his position as a director of EV Offshore Limited. (Document No. 78-2, p. 4, 78-5, p. 6, 78-5, p. 5). While these two pieces of evidence show that Thursby signed a termination letter on EVO's behalf, standing alone, they are not enough to suggest that he had operational control over the field engineers. This factor weighs in favor of summary judgment for

Thursby.

The second factor the Court considers is whether Thursby "supervised or controlled employee work schedules or conditions of employment." *Gray*, 673 F.3d at 355. None of the Plaintiffs identified Thursby as their supervisor, nor did they testify that Thursby controlled their work schedules or conditions of employment. (Document No. 71-2, p. 3, 12-13, 21; Document No. 71-3, p. 4, 9, 11-14; Document No. 71-4, p. 5, 7; Document No. 71-5, p. 5, 9, 12). Troy Sutherlin testified that he supervised Plaintiffs Hobbs, Jones and Arroyo. (Document No. 71-6, p. 4-5). This factor weighs in favor of granting Thursby's motion for summary judgment.

The next factor is whether Thursby determined the rate or method of pay. Thursby states that he did not have any involvement in setting the rate of pay for the Plaintiffs. He points to the Plaintiffs deposition testimony that they had no discussions with him about their rate of pay or compensation. (Document No. 71-2, p. 12, Document No. 71-3, p. 11-12, Document No. 71-4, p. 5-6; Document No. 71-5, p. 12). Plaintiffs point to Sutherlin's deposition testimony that Thursby was part of the executive board that made decisions about pay raises. (Document No. 78-4, 4). But they present no evidence that Thursby was involved in determining the rate or method of pay for the Plaintiffs. Holding a position on the executive board does not qualify an individual defendant as an employer under the FLSA. *See Gray*, 673, F.3d at 355-56. This is not evidence that a jury could interpret as setting the rate or method of pay of the field engineers. This factor weighs in favor of granting Thursby's motion for summary judgment.

The last factor the Court considers is whether Thursby maintained employment records. Thursby argues there is no competent summary judgment evidence that he had operational control over employee records/personnel files. Plaintiffs Arroyo and testified that he had not discussed and

7

did not see other field engineers discuss their personnel file with Thursby. (Document No. 71-3, p. 12; Document No. 71-4, p. 7). There is no evidence that Thursby maintained the personnel files. This factor weighs in favor of granting Thursby's motion for summary judgment.

Here, applying the economic-reality test, the summary judgment evidence supports a conclusion that Plaintiffs failed to submit evidence from which a jury could reasonably infer and conclude that Thursby was sufficiently involved in the operational control of EVO's field engineers to make him Plaintiffs' employer under the FLSA. *Cf. Reich v. Circle C. Investments, Inc.*, 998 F.2d 324, 329 (5th Cir. 1993)(affirming the district court's summary judgment determination that a non-owner consultant was an employer because the evidence showed he hired employees, gave employees specific work instructions, signed employees' payroll checks, and employees identified him as their supervisor).

IV. Conclusion and Recommendation

There is not sufficient summary judgment evidence to create a genuine issue of material fact regarding whether Thursby exerted or possessed operational control over EVO's field engineers, nor is there sufficient evidence to support Plaintiffs' contention that Thursby was an employer under the FLSA. The Magistrate Judge therefore

RECOMMENDS that Defendant's Motion for Summary Judgment (Document No. 71) be GRANTED. To the extent that Thursby seeks reasonable fees, costs, and expenses associated with defending Plaintiffs' claims, the undersigned finds the request in not well-taken. While the summary judgment evidence did not support Plaintiffs' allegations that Thursby was an employer within the meaning of the FLSA, the denial of their motion does not warrant sanctions.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented

parties of record. Within 14 days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(c), Fed.R.Civ.P. 72(b), and General Order 80-5, S.D. Texas. Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. See Thomas v. Arn, 474 U.S. 140 (1985); Ware v. King, 694 F.2d 89 (5th Cir. 1982) (en banc). Moreover, absent plain error, failure to file objections within the fourteen-day period bars an aggrieved party from attacking conclusions of law on appeal. See Douglass v. United Serv. Auto Ass'n, 79 F.3d 1415, 1429 (5th Cir. 1996). The original of any written objections shall be filed with the United States District Court Clerk, P.O. Box 61010, Houston, Texas 77208.

Signed at Houston, Texas, this 15th day of February, 2019

FRANCES H. STACY
UNITED STATES MAGISTRATE JUDGE