United States District Court
Southern District of Texas
**ENTERED**
June 18, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JEROD HOBBS, *et al.*, | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:16-CV-00770 |
| | § | |
| EVO INCORPORATED, *et al.*, | § | |
| Defendants. | § | |

## ORDER

Plaintiffs Jerod Hobbs, Ronald Lee, Jordan Arroyo, and Arlen Jones (hereinafter referred to individually by their respective surnames or jointly as "Plaintiffs") sued EVO Incorporated ("EVO") and certain individual corporate officers, Maurice McBride ("McBride"), Samuel Copeman ("Copeman"), Jonathan Thursby ("Thursby") and Francis Neill ("Neill"), for violations of the Fair Labor Standards Act ("FLSA"), claiming that they worked hundreds of hours of overtime for which they were not compensated as per the dictates of the Act. Defendants denied these allegations and claimed that these employees were exempt from the FLSA requirements. The Court granted summary judgment in favor of Thursby, finding that he was not liable as an employer. (Doc. No. 96). Further, after a trial on the merits, the Court found that McBride was not liable as an employer. (Doc. No. 114). The Court issued another ruling providing for damages sustained by the Plaintiffs against Defendants other than Thursby and McBride. (Doc. No. 135). The Court then issued a final judgment. (Doc. No. 133). Within 14 days, the Thursby and McBride filed a bill of costs. (Doc. No. 134). Plaintiffs filed a response.

Under Rule 54(d), "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." FED. R. CIV. P. 54(d). The Fifth Circuit has held that the FLSA does not preclude a prevailing defendant

from recovering their costs. *Faludi v. U.S. Shale Sols., L.L.C.*, 950 F.3d 269, 276 (5th Cir. 2020).

Broadly, under 28 U.S.C. § 1920, taxable court costs include:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title; and
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Thursby and McBride filed a Bill of Costs seeking $3,368.03 as "fees for printed or electronically recorded transcripts as necessarily obtained for use in the case." (Doc. No. 134-1 at 1). Plaintiffs did not lodge any specific objections[1] to these costs, and a review of the receipts show that these costs fall under these categories. Therefore, the Court GRANTS Thursby and McBride $3,368.03 in costs to be paid by the Plaintiffs.

SIGNED at Houston, Texas this 18 day of June, 2020.

Andrew S. Hanen
United States District Judge

---

[1] Plaintiffs argue that because Thursby and McBride were not awarded costs in the final judgment and because the Court's ruling stated that "all relief not specifically granted herein is denied." *See* (Doc. No. 135 at 1) (quoting (Doc. No. 133). Under Local Rule 54.2, "[a]n application for costs shall be made by filing a bill of costs within 14 days of the entry of a final judgment." Southern District of Texas, Local Rule 54.2. Therefore, Thursby and McBride's Bill of Costs was timely, despite not being specifically rule on in the Court's Final Judgment.