Case 4:16-cv-00770 Document 160 Filed on 06/18/20 in TXSD Page 1 of 5

United States District Court
Southern District of Texas
**ENTERED**
June 18, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **JEROD HOBBS,** *et al.,* | ) |
| Plaintiffs, | ) |
| v. | ) CIVIL ACTION NO. 4:16-CV-00770 |
| **EVO INCORPORATED,** *et al,* | ) |
| Defendants. | ) |

### ORDER ON DEFENDANTS' UNOPPOSED
### MOTION FOR APPROVAL OF SUPERSEDEAS BOND AND FOR A STAY OF
### ENFORCEMENT OF THE JUDGMENT DURING APPEAL

On this day, the Court considered EVO Incorporated's, Sam Copeman's, and Francis Neill's Unopposed Motion for Approval of Supersedeas Bond ("Motion") in order to stay enforcement of judgment during pendency of their appeal. After considering the Motion, the Court finds it is well taken and should be GRANTED.

THEREFORE, IT IS ORDERED that no later than 3 business days after execution of this Order, Defendants shall deposit funds in the amount of $444,734 in the registry of the court in lieu of a surety bond.

IT IS FURTHER ORDERED the clerk shall hold the funds in the registry of the court during the pendency of the Parties' appeal and shall not release, disperse, or otherwise dispose of the funds, in whole or part, until further order of the Court.

IT IS FURTHER ORDERED that any request for release of the funds in the registry of the court shall be raised through a regularly noticed motion filed in compliance with Local Rule 7 and served on all parties in a manner that provides for adequate notice and an opportunity to be heard.

44582183.1

IT IS FURTHER ORDERED the clerk shall hold the funds pursuant to United States District Court Southern District of Texas General Order No. 2016-14 (attached).

IT IS FURTHER ORDERED that enforcement of the judgment as to all defendants—EVO Incorporated, Sam Copeman, and Francis Neill—is stayed during the pendency of the Parties' appeal and shall remain in place until further order of the Court.

It is so ORDERED.

Signed on this 18th day of June, 2020.

                                              **Andrew Hanen**
                                              **United States District Judge**

United States District Court
Southern District of Texas
ENTERED

DEC 05 2016

David J. Bradley, Clerk of Court
By Deputy Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

IN THE MATTER OF             §
DEPOSIT AND INVESTMENT       §   GENERAL ORDER NO. 2016 - 14
OF REGISTRY FUNDS            §
                             §

## ORDER REGARDING DEPOSIT AND INVESTMENT OF REGISTRY FUNDS

The Court, having determined that it is necessary to adopt local procedures to ensure uniformity in the deposit, investment, and tax administration of funds in the Court's Registry,

**IT IS ORDERED** that the following shall govern the receipt, deposit, and investment of registry funds:

### I. Receipt of Funds

A. No money shall be sent to the Court or its officers for deposit in the Court's registry without a court order signed by the presiding judge in the case or proceeding.

B. The party making the deposit or transferring funds to the Court's registry shall serve the order permitting the deposit or transfer on the Clerk of Court.

C. Unless provided for elsewhere in this Order, all monies ordered to be paid to the Court or received by its officers in any case pending or adjudicated shall be deposited with the Treasurer of the United States in the name and to the credit of this Court pursuant to 28 U.S.C. § 2041 through depositories designated by the Treasury to accept such deposit on its behalf.

### II. Investment of Registry Funds

A. Where, by order of the Court, funds on deposit with the Court are to be placed in some form of interest-bearing account or invested in a court-approved, interest-bearing instrument in accordance with Rule 67 of the Federal Rules of Civil Procedure, the Court Registry Investment System (CRIS), administered by the Administrative Office of the United States Courts under 28 U.S.C. § 2045, shall be the only investment mechanism authorized.

B. Interpleader funds deposited under 28 U.S.C. § 1335 meet the IRS definition of a "Disputed Ownership Fund" (DOF), a taxable entity that requires tax administration. Unless otherwise ordered by the court, interpleader funds shall be deposited in the DOF established within the CRIS and administered by the Administrative Office of the United States Courts,

which shall be responsible for meeting all DOF tax administration requirements.

C.     The Director of the Administrative Office of the United States Courts is designated as custodian for all CRIS funds. The Director or the Director's designee shall perform the duties of custodian. Funds held in the CRIS remain subject to the control and jurisdiction of the Court.

D.     Money from each case deposited in the CRIS shall be "pooled" together with those on deposit with Treasury to the credit of other courts in the CRIS and used to purchase Government Account Series securities through the Bureau of Public Debt, which will be held at Treasury, in an account in the name and to the credit of the Director of Administrative Office of the United States Courts. The pooled funds will be invested in accordance with the principles of the CRIS Investment Policy as approved by the Registry Monitoring Group.

E.     An account will be established in the CRIS Liquidity Fund titled in the name of the case giving rise to the deposit invested in the fund. Income generated from fund investments will be distributed to each case based on the ratio each account's principal and earnings has to the aggregate principal and income total in the fund after the CRIS fee has been applied. Reports showing the interest earned and the principal amounts contributed in each case will be prepared and distributed to each court participating in the CRIS and made available to litigants and/or their counsel.

F.     For each interpleader case, an account shall be established in the CRIS Disputed Ownership Fund, titled in the name of the case giving rise to the deposit invested in the fund. Income generated from fund investments will be distributed to each case after the DOF fee has been applied and tax withholdings have been deducted from the fund. Reports showing the interest earned and the principal amounts contributed in each case will be available through the FedInvest/CMS application for each court participating in the CRIS and made available to litigants and/or their counsel.

### III.   Fees and Taxes

A.     The custodian is authorized and directed by this Order to deduct the CRIS fee according to the Judicial Conference Schedule of Fees promulgated under 28 U.S.C. §§ 1914, 1930, for the management of registry funds invested in the CRIS, excluding the case funds held in the DOF.

B.     The custodian is authorized and directed by this Order to deduct the DOF fee according to the Judicial Conference Schedule of Fees promulgated under 28 U.S.C. §§ 1914, 1930, for the management and tax administration of funds invested in the DOF. The custodian is further authorized and directed by this Order to withhold and pay federal taxes due on behalf of the DOF.

IV. Transition from Former Investment Procedure

A. Deposits to the CRIS DOF will not be transferred from any existing CRIS Funds. Only new deposits pursuant to 28 U.S.C. § 1335 from the effective date of this order will be placed in the CRIS DOF.

B. This Order supersedes and abrogates all prior orders of this Court regarding the deposit and investment of registry funds, with the exception of District Court Miscellaneous Order entered March 5, 1986, directing the consolidation of all Bankruptcy Court registry funds with the District Court registry funds for the purpose of control, audit and disbursement.

ORDERED this 5th day of December, 2016.

LEE H. ROSENTHAL
CHIEF JUDGE